## FARRELL *v.* AUSTIN, Administratrix.

Where the plaintiff's right in an action on a draft is purchased, pending the litigation, by a third person, the defendant may claim to be released on paying the price of the transfer, with interest from its date. C. C. 2622, 2623.

Where a plaintiff's right in an action is purchased *pendente lite*, and the purchaser intervenes and is substituted to the original plaintiff, and defendant is informed, for the first time, by the introduction of the act of transfer in evidence on the trial, of the consideration for which the transfer was made, it will not be too late to file an amended answer praying to be released, on paying the price of the transfer, with interest from its date.

APPEAL from the District Court of Ouachita, *Copley*, J. R. W. *Richardson*, for the appellant. *Garrett*, for the defendant. The amended answer was not too late. Troplong, Vente, nos. 988, 999. The judgment of the court was pronounced by

KING, J., This action was instituted against the administratrix of *Hewitt*, to recover $900, being the amount of a draft of which *Hewitt* was the drawer. The answer of the administratrix denies generally the allegations of the petition, admits the genuineness of the signatures to the draft, but denies that the succession of the deceased is in any manner liable for the sum claimed. During the pendency of the action the plaintiff, *Farrell*, transferred the demand to *Frances E. Sewall*, who intervened in the suit, and prayed to be substituted as party plaintiff in the cause, and for a judgment in her favor in accordance with the prayer of the original petition. Appended to this petition is the following agreement, signed by the counsel of both parties :

" In this cause it is agreed, that the amended petition may be filed by consent, substituting *Frances E. Sewall*, widow of *Sewall*, deceased, late of the firm of *Sewall & Robinson*, and she shall be admitted as plaintiff in the suit, and judgment rendered contradictorily in same manner as with the original plaintiff."

On the trial, the intervenor introduced in evidence the act of transfer to her of the draft in suit, from which it appeared that the price paid for the demand was $250. The defendant thereupon presented an amended answer, in which she averred that the right transferred was litigious, and prayed to be permitted to release herself from the debt, on paying to the intervenor the price of the transfer, with interest from its date. The intervenor objected to the filing of this amended answer, on the ground that it came too late; and that, by the terms of the agreement in relation to the petition of intervention, the plea was waived and inadmissible. These objections were overruled, and a bill of exceptions taken to the opinion of the judge. A judgment was rendered in favor of the intervenor for $250, with five per cent interest from the date of the transfer; from which she has appealed.

At the date of the transfer a suit and contestation existed, involving the plaintiff's right to recover the amount of the draft. The right conveyed was consequently litigious, and the defendant could legally claim a release of the succession which she represented, on paying the price of the transfer and interest from date. C. C. arts. 2622, 2623. The defendant's counsel made no waiver of her privilege to exercise this right, nor could she have made such a relinquishment without express authority to that effect. It is evident both from the nature and terms of the agreement that, no such abandonment of the defendant's right entered into the contemplation of the parties. The agreement is silent as to the transfer; the petition of intervention to which it is appended, sets forth no price paid for the demand; and no fact is disclosed showing that the defendant was, at that time, aware that a full consideration had not been paid for the draft. The object of counsel appears to have been to accellerate the progress of the cause, and with that view to waive delays which might otherwise have been insisted upon.

The objection that the plea came too late, is equally untenable. The cause was tried on the same day on which the intervention was filed and the agreement of counsel in relation to it entered into, and it was not until the act of transfer was introduced in evidence that the defendant appears to have been aware of the price paid for the demand, and that the interests of the succession which she administered required her to exercise the right.

*Judgment affirmed.*